# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| TRACY CLARK | : | No. 01-428-02 |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**  NOVEMBER 16, 2009

Presently before the Court is Petitioner Tracy Clark's ("Clark" or "Petitioner") pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, this Motion is denied.

**I.  BACKGROUND**

On July 26, 2001, a federal grand jury in the Eastern District of Pennsylvania returned an indictment charging Tracy Clark with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On April 17, 2002, a grand jury returned a superseding indictment charging Clark with a violation of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). The superseding indictment added a Notice of Prior Convictions based on his previous state convictions for: (1) robbery (Philadelphia Court of Common Pleas, CP No. 8512-2072); (2) possession with intent to distribute a controlled substance (Philadelphia Court of Common Pleas, CP No. 8905-4086); and (3) conspiracy to commit aggravated assault (Philadelphia Court of Common Pleas, CP No. 9104-4421). The federal charges stemmed from the execution of a search warrant at the home of Anthony Miller on December 8, 1999. During

the execution of the search warrant, law enforcement officers found Clark, a convicted felon, in possession of a .45 caliber semi-automatic handgun.

On May 6, 2002, Clark pled guilty to the felon-in-possession charge. On August 27, 2002, the Court granted defense counsel Nino Tinari's motion to withdraw. Subsequently, on August 29, 2002, the Court appointed new counsel, Patrick Egan ("Egan"), to represent Clark. On November 4, 2002, Clark filed a motion to withdraw his guilty plea. On March 31, 2003, the Court granted Clark's motion.

Clark proceeded to trial before this Court on June 3, 2003. On June 4, 2003, Clark was convicted by a jury of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and the ACCA. On July 11, 2003, Clark was sentenced to 293 months imprisonment, five years of supervised release, and a fined a $100 special assessment. Clark was represented by Egan at his sentencing hearing. Clark filed a timely notice of appeal. On October 29, 2004, the Third Circuit affirmed the conviction and sentence.

On December 12, 2004, Clark filed a petition for a writ of certiorari alleging that this Court violated his Sixth Amendment right by enhancing his sentence under the ACCA without a jury determination nor an admission by him. On January 7, 2005, the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005). On January 25, 2005, the Supreme Court denied certiorari.

On January 26, 2006, Clark filed his first motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on the primary basis that his counsel, Egan, was constitutionally ineffective for failing to properly advise him as to the possible consequences of withdrawing the guilty plea. In that motion, Clark also contended he should be resentenced as a result of the

Booker decision. On June 6, 2006, the Court appointed new counsel, Christopher Warren, ("Warren") to represent Clark. On October 27, 2006, after an evidentiary hearing, the Court denied Clark's request for a new trial based on ineffective assistance of counsel and specifically noted that the decision to withdraw the guilty plea was Clark's decision after discussions with counsel. However, the Court granted Clark's request to be resentenced because his direct appeals were not final prior to the Booker decision.

Clark was represented by Warren at the resentencing proceeding on November 27, 2006. At resentencing, in light of Booker, the Court noted that the sentencing guidelines were advisory and addressed the sentencing factors outlined in 18 U.S.C. § 3553(a). The Court found that the guildeline range was 235 months to 293 months. Ultimately, the Court resentenced Clark to 235 months imprisonment.

After his resentencing, Clark filed an untimely pro se notice of appeal and related motion for an extension of time to appeal. On March 12, 2007, the Court granted Clark's motion for an extension of time and retroactively made Clark's notice of appeal timely. Subsequently, Warren filed an Anders motion with the Third Circuit on the grounds that there were no meritorious issues for appeal.

In his pro se brief before the Third Circuit, Clark raised the claim that his counsel was ineffective for failing to contest the District Court's determination that his prior convictions qualified as predicate offenses pursuant to the ACCA in light of Shepard v. United States, 544 U.S. 13 (2005). The Third Circuit granted counsel's motion to withdraw and declined to address the ineffective assistance claim on basis that such "claims are 'best decided in the first instance in a collateral action' rather than on direct appeal." United States v. Clark, 282 Fed. Appx. 189, 191

(3d Cir. 2008) (citation omitted).

In the instant § 2255 Motion, Clark contends that "[Warren's] representation was in fact constitutionally ineffective during the resentencing and appellate stages for failing to challenge the documentation relied upon for the ACCA enhancement as violative of the rule announced in Shepard." (Clark's Mot. at 25.) Clark argues that the Shepard case "precluded use of his previous drug conviction because the Government failed to submit materials consistent with Shepard to establish that the controlled substance to which [sic] formed the basis of the state offense prescribed a statutory maximum in excess of 10 years." (Id. at 17.)

## II.    STANDARD OF REVIEW

Clark is entitled to relief only if his custody or sentence violates federal law or the Constitution. Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (West 2008). A district court is given discretion in determining whether to hold an evidentiary hearing on a habeas petition under § 2255. See Gov't of the V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must first determine whether the Petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. See Gov't of the V.I. v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994). Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing where the "motion, files, and records,

4

'show conclusively that the movant is not entitled to relief.'" United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)).

## III. DISCUSSION

### A. Prior Serious Drug Offense as Predicate Conviction Under the ACCA

The Court must first address whether Clark's prior drug offense was properly considered a predicate conviction, pursuant to the ACCA, to allow for an enhanced sentence. 18 U.S.C. § 922(g) provides that it is unlawful for any person:

> who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). Further, the ACCA calls for a fifteen-year minimum sentence for any person who violates § 922(g) and has three previous "violent felony" or "serious drug offense" convictions by any court. Id. § 924(e)(1). Pursuant to the ACCA, the definition of a "serious drug offense" includes "an offense under [s]tate law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." Id. § 924(e)(2)(A)(ii).

Clark does not deny his three previous convictions. Instead, based on Shepard, he challenges that his lawyer rendered ineffective legal assistance by failing to challenge the Government's proof of his prior drug conviction at resentencing and on appeal. In Shepard, the Supreme Court found that a court's inquiry to determine whether a prior conviction enhances a

sentence under the ACCA is generally limited to the statutory elements of the previous crime, charging document, terms of a plea agreement, transcript of plea colloquy, or to some comparable judicial record of this information. Shepard, 544 U.S. at 16, 26; see also United States v. Coker, 223 Fed. Appx. 136, 142 (3d Cir. 2007) ("That a criminal defendant was previously convicted of a crime may be confirmed by the terms of the plea agreement, the charging document, the transcript of colloquy between judge and defendant, or some other comparable judicial record of this information.")

In this case, the Government notes that it established Clark's conviction for a "serious drug offense" for purposes of the ACCA by submitting, at the original sentencing, a certified record of Clark's conviction for possession with intent to distribute a controlled substance. (Government's Resp. at 9-10 (citing July 11, 2003 Sentencing Hr'g at 4).) The Government includes a copy of this certified record with its briefing, and the record includes a copy of the criminal complaint that explicitly charged Clark with possession with intent to distribute twenty-nine packets of cocaine. (Id., Ex. D.) The certified record also specifies that Clark was charged with violation of 35 Pa. Stat. Ann. § 780-113(30). (Id.)

Notably, pursuant to 35 Pa. Stat. Ann. § 780-113(f)(1.1), any person who violates § 113(30) "with respect to . . . coca leaves and any salt, compound, derivative or preparation of coca leaves . . . is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding ten years. . . ." 35 Pa. Stat. Ann. § 780-113(f)(1.1). Because the maximum term of imprisonment for the predicate drug offense is ten years, the conviction qualified as a "serious drug offense" pursuant to § 924(e)(2)(A)(ii). Thus, the Government satisfied Shepard by demonstrating through the certified record (including the charging document) and statutory

elements of the relevant state statutes that Clark was convicted of a predicate "serious drug offense" under the ACCA. Garcia v. Attorney Gen. of the U.S., 462 F.3d 287, 292 (3d Cir. 2006) ("In Pennsylvania, a criminal complaint is not merely a police report. It is the charging instrument . . ."); United States v. Spann, No. 04-758, 2009 WL 2018508, at *3 (E.D. Pa. July 9, 2009) ("The certified conviction records included a copy of the criminal complaint, which may be considered by the court."); United States v. Thomas, No. 07-294, 2008 WL 3073585, at *3 (E.D. Pa. July 31, 2008) (considering the government's presentation of certified bills of information and criminal complaints to establish that the defendant qualified as an armed career criminal).

Moreover, at the original sentencing hearing, Clark's counsel (Egan) specifically addressed details of the prior drug conviction when he stated: "Well, initially, I would note that the prior drug conviction was in 1987 for 29 packets of cocaine" and "In other words, these 29 packets of cocaine – in Pennsylvania, that's automatically over a certain level of maximum sentence which makes it a predicate for – in terms of the Armed Career Criminal Act." (July 11, 2003 Sentencing Hr'g at 9, 15.) Thus, even Clark's own counsel, at the original sentencing, identified for the Court the type of controlled substance underlying the previous drug conviction and conceded that the offense qualified as a predicate offense under the ACCA.[1]

### B. Ineffective Assistance of Counsel

In Strickland v. Washington, the Supreme Court of the United States set forth a two-prong test for evaluating a claim of ineffective assistance of counsel. 466 U.S. 668 (1984). A finding

---

[1] Notably, while the Court did not rehash Clark's criminal history at resentencing, the original sentencing transcript and documents submitted during that proceeding were a part of the record during the resentencing hearing.

against the Petitioner under either prong is sufficient to find for the Government. United States v. Ciancaglini, 945 F. Supp. 813, 816 (E.D. Pa. 1996).

First, Petitioner must show that counsel's performance was deficient, meaning that counsel made errors so serious as to deprive Petitioner of the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. This evaluation must be based upon the facts of the case at the time of counsel's conduct. Id. at 690. "[T]he right to effective assistance of counsel does not guarantee that an attorney will never err." Diggs v. Owens, 833 F.2d 439, 446 (3d Cir. 1987). Therefore, to satisfy this prong, Petitioner must show that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. Strickland, 466 U.S. at 688. However, "[a]n attorney is presumed to possess skill and knowledge in sufficient degree to preserve the reliability of the adversarial process and afford his client the benefit of a fair trial." Diggs, 833 F.2d at 444-45. Consequently, great deference is given in evaluating counsel's performance, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Second, even if the Court finds counsel's conduct to have been deficient, Petitioner must also show the conduct was prejudicial to the case. Strickland, 466 U.S. at 692. "It is not enough that the deficiency had some effect on the proceeding. The petitioning party must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Spann, 2009 WL 2018508, at *4. Guided by the above principles, the Court will address Clark's ineffective assistance of counsel claim.

Here, Clark argues that Warren's representation was constitutionally ineffective during the

resentencing and appeal because Warren failed to challenge the record relied upon to prove the previous drug conviction. As discussed above, the Government submitted adequate Shepard documentation at the original sentencing to establish a predicate "serious drug offense." Further, at the original sentencing, Clark's counsel specifically identified the controlled substance underlying the previous drug conviction and conceded that the conviction qualified as a predicate offense under the ACCA.

It is well-established that failure to raise non-meritorious issues does not constitute ineffective assistance of counsel. Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994); Smith v. Cameron, No. 08-3039, 2009 WL 398601, at *7 (E.D. Pa. Feb. 18, 2009) ("[C]ounsel cannot be deemed to have violated professional norms by failing to raise a meritless objection . . ."). In this case, it is clear that Clark's counsel had no meritorious grounds to challenge the proof of the predicate drug conviction under Shepard. The record was consistent with Shepard and clear at both sentencing and resentencing that Clark was an armed career criminal with three predicate offenses that qualified him for an enhanced sentence under the ACCA. As a result, Clark's ineffective assistance of counsel argument fails under the first prong of Strickland because he cannot show that counsel's performance was deficient.

An appropriate Order follows.